IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

MOUNTAIN PURE, LLC, ANGELA SMITH
GERALD MILLER, COURT STACKS,
KIMBERLY HARBESON, SCOTT MORGAN,
TRACY BUSH, QUNITON RILEY, KADEENA
DEPRIEST, WILLIAM MORRIS                                                                PLAINTIFFS

v.                                  Case No. 4:13-cv-0119-KGB

CYNTHIA M. ROBERTS,
BOBBI SPRADLIN, AND JOHN DOES 1-20                                           DEFENDANTS

## ORDER

Before the Court is plaintiffs' motion for default judgment (Dkt. No. 4). Defendants Cynthia M. Roberts and Bobbi Spradlin filed their response (Dkt. No. 5). Defendants state that they are not in default because plaintiffs have not completed service of the complaint and summons as required by Federal Rule of Civil Procedure 4(i). Federal Rule of Civil Procedure 4(i)(3) states: "[t]o serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer is also sued in an official capacity), a party must serve the United States and also serve the officer or employer under Rule 4(e), (f), or (g)." At the time plaintiffs filed their motion for default judgment, the United States Attorney and the Attorney General had not been served. Because service had not been completed on the United States Attorney or the Attorney General at the time the motion for default judgment was filed, the time for defendants to respond to the complaint has not passed, and, therefore, defendants are not in default.

On August 9, 2013, plaintiffs filed an affidavit stating that the United States Attorney Christopher R. Thyer had been properly served. On August 19, 2013, plaintiffs filed an affidavit stating that the Attorney General Eric Holder had been properly served. The Court notes that the

United States Attorney and the Attorney General have now been properly served with the complaint and summons (Dkt. Nos. 6, 7).  Pursuant to Federal Rule of Civil Procedure 12(a)(3), defendants must serve an answer to the complaint within 60 days after service on the officer or employee or service on the United States Attorney, whichever is later.  Because service was not completed on the United States Attorney or the Attorney General until August 2013, defendants have not passed the 60 day deadline to answer the complaint.  For these reasons, the Court finds that plaintiffs' motion for default judgment is denied without prejudice.

      SO ORDERED this the 28th day of August, 2013.

_____
Kristine G. Baker
United States District Judge